UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON E. BJERKHOEL,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT B. SCHARFFENBERG, et al.,<br><br>   Defendants. | **CASE NO. 1:16-cv-00507-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE TO AMEND** |

  Plaintiff Brandon E. Bjerkhoel, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 11, 2016. (ECF No. 1.) Plaintiff's complaint is before the Court for screening. Plaintiff has consented to Magistrate Judge jurisdiction in this case. (ECF No. 8.) No other parties have appeared in the action.

**I. SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at California State Prison in Corcoran, California ("CSP-Corcoran") where this claim arose. He brings this action against Dr. Robert G. Scharffenberg and Physician's Assistant C. Ogbuehi ("Defendants"), both employed by the California Department of Corrections and Rehabilitation ("CDCR") at CSP-Corcoran, in their personal and official capacities. Plaintiff alleges Defendants violated his right to be

free from inhumane conditions of confinement under the Eighth Amendment by denying him adequate medical treatment for his Hepatitis C virus ("HCV").

Plaintiff's allegations may be summarized as follows:

Plaintiff has HCV and stage 1 cirrhosis of the liver. Left untreated, HCV can lead to severe cirrhosis, liver cancer, and the need for a liver transplant. Furthermore, individuals with HCV face a higher risk of developing insulin resistance and heart disease.[1] In January 2014, Plaintiff began to experience pain in his joints, tiredness, cramps, flu-like symptoms, darkening of the urine, and extreme pain. He also began to experience depression and anxiety.

When Plaintiff sought help from the medical staff[2], he was told he did not qualify for treatment under CDCR policy because he would soon be eligible for parole and because CDCR only approved treatment for prisoners who had advanced to stage 3 or 4 cirrhosis. Plaintiff believes stage 3 or 4 cirrhosis is indicative of liver cancer. Plaintiff believes if he were to wait until stage 3 or 4 for treatment, he will have already suffered irreversible liver damage.

On March 14, 2014, Dr. Scharffenberg examined Plaintiff in response to a 602 Plaintiff filed. Plaintiff told Dr. Scharffenberg he was "still having abdominal pain due to Hep C" and wanted treatment. Dr. Scharffenberg did not prescribe pain medication, nor start a treatment course for HCV. Dr. Scharffenberg told Plaintiff that the "guidelines for treatment should change," at which point Plaintiff might be able to receive treatment.

Plaintiff believes he is not receiving treatment because of its high cost. He states one 12 week course of treatment costs $94,500.00 and 24 weeks costs $189,000.00. He states there is no medical reason why he cannot receive treatment.

Plaintiff seeks an injunction requiring Defendants to provide Plaintiff with medication to treat his HCV and pain. Plaintiff also seeks compensatory and punitive damages.

---

[1] Plaintiff cites the "Journal of Hepatology October 2014 Volume 61, Issue 4, Pages 755-760" as his source for these facts.
[2] Plaintiff does not identify these staff members.

3

## IV.     DISCUSSION

### A.     Official Capacity Claims

Plaintiff claims Defendants, acting in their official capacities as CSP-Corcoran medical staff, failed to provide adequate medical care in violation of the Eighth Amendment.

First, Plaintiff cannot recover money damages from state officials sued in their official capacities. Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective or injunctive relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010).  Therefore, to the extent Plaintiff seeks monetary damages against all Defendants in their official capacities, those claims are barred by the Eleventh Amendment, and will be dismissed.  Plaintiff cannot cure this deficiency and sowill not be given leave to amend this claim.

In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.)  "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."  Hartmann, 707 F.3d at 1127 (citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

4

Plaintiff alleges that Defendants acted pursuant to a CDCR policy which bars inmates from receiving treatment for HCV unless their disease has progressed beyond stage 3. While Plaintiff does not explicitly say so, it appears he seeks to have the policy modified so that he may receive treatment. In that regard, Plaintiff has sufficiently identified the policy he wishes to challenge as a constitutional violation for the purposes of an official capacity suit.

However, Plaintiff has not shown how Defendants are responsible for the policy at issue. He has not shown that Defendants established, implemented, or played any role in proffering the policy at issue, and therefore has not shown how they could appropriately respond to his request for a change in the policy. Plaintiff has therefore failed to make out a cognizable claim against Dr. Scharffenberg and Ogbuehi in their official capacities. Those claims will be dismissed with leave to amend.

**B.  Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013) ("A prison official in a supervisory position may be held liable under § 1983 . . . 'if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the

constitutional violation.'") (quoting Lolli v. Cty. of Orange, 351 F.3d 410, 418 (9th Cir. 2003)); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has alleged no facts linking Ogbuehi to the violation of his rights; he makes only a conclusory allegation that Ogbuehi "den[ied] and delay[ed] medical treatment." He does not state when, how, or in what capacity Ogbuehi had the opportunity to treat Plaintiff yet failed to do so. Therefore, Plaintiff's claims against Ogbuehi will be dismissed with leave to amend.

### C. Eighth Amendment Medical Indifference

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Lemire, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

In cases involving medical care in prison, the correct inquiry is whether "the course of treatment the doctors chose was medically acceptable under the circumstances and [whether] the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 987 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal quotation marks omitted). Where a plaintiff alleges a defendant denied medical treatment solely because of an administrative policy despite medical considerations in favor of treatment, the Ninth Circuit has found the defendant's actions to be deliberately indifferent unless the defendant's independent evaluation of the plaintiff's condition led him to believe non-treatment was a medically acceptable option. Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014).

Plaintiff alleges he has HCV, which, if left untreated, may lead to severe liver damage, liver cancer, and heart disease. This amounts to an objectively serious medical need. Colwell, 763 F.3d at 1066; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

7

However, Plaintiff has not stated facts showing Dr. Scharffenberg was deliberately indifferent to a substantial risk to Plaintiff's health.  Plaintiff states Dr. Scharffenberg examined Plaintiff on March 14, 2014 in response to a 602 filed by Plaintiff regarding his abdominal pain.  Plaintiff provides only a fleeting description of his appointment with Dr. Scharffenberg and the 602 that led to the appointment.  At the appointment, Plaintiff says he told Dr. Scharffenberg he was experiencing pain and wanted medication.  Dr. Scharffenberg did not prescribe Plaintiff any medication, but did tell Plaintiff "the guidelines for treatment should change."

On these facts, the Court cannot tell whether Dr. Scharffenberg conducted an independent examination of Plaintiff and concluded, based on the examination, that Plaintiff did not need medication or if he simply denied Plaintiff medication, without conducting an exam, on the basis of CDCR policy.  Had Dr. Scharffenberg done the latter, Plaintiff may have a cognizable claim.  At this stage however, Plaintiff must plead more facts describing the nature and extent of Dr. Scharffenberg's interaction with Plaintiff.  Plaintiff's claim for medical indifference against Dr. Scharffenberg will be dismissed with leave to amend.

## V.       REQUEST FOR A PRELIMINARY INJUNCTION

Plaintiff also seeks a preliminary injunction ordering Defendants to provide treatment for Plaintiff's HCV.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555, U.S., 7, 20 (2008) (citations omitted). Alternatively, a preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief

should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

As Plaintiff has failed to state a claim upon which relief may be granted, there is no case or controversy before the Court; therefore, Plaintiff is not entitled to preliminary injunctive relief at this time. Knapp v. Cate, No. 1:08–cv–01779–AWI–WMW PC, 2009 WL 1684900, at *1 (E.D. Cal. June 19, 2009) (citing Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court.")). Therefore, the Court will deny Plaintiff's motion for a preliminary injunction and a temporary restraining order at this time.

## VI.   CONCLUSION

Plaintiff fails to state a cognizable claim against Dr. Scharffenberg and Ogbuehi in their official or personal capacities for denying Plaintiff treatment for his HCV in violation of the Eighth Amendment.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. Plaintiff's motion for preliminary injunctive relief (ECF No. 1) IS DENIED;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed April 11, 2016;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. File a notice of voluntary dismissal; and
5. If Plaintiff fails to comply with this order, the Court will recommend this action be dismissed, without prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   July 19, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE