UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON E. BJERKHOEL,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT B. SCHARFFENBERG, et al.,<br><br>Defendants. | **CASE NO. 1:16-cv-00507-MJS (PC)**<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 15)**<br><br>**CLERK OF COURT TO CLOSE CASE** |

Plaintiff Brandon E. Bjerkhoel, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 11, 2016. (ECF No. 1.) On July 20, 2016, the Court dismissed Plaintiff's complaint for failing to state a claim, but granted Plaintiff thirty days to file an amended complaint. (ECF No. 11.) Plaintiff requested and was granted a sixty day extension of time to file an amended complaint. (ECF Nos. 13 & 14.) Plaintiff's September 12, 2016 first amended complaint is now before the Court for screening. (ECF No. 15.)

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared in the action.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at the Kings County Jail in Hanford, California, where he was paroled in order to appear in court on two pending criminal cases. (ECF No. 13.) His claims arose at California State Prison in Corcoran, California ("CSP-Corcoran").  He brings this action against Dr. Robert G. Scharffenberg and physician's assistant C. Ogbuehi ("Defendants"), both employed by the California Department of Corrections and Rehabilitation ("CDCR") at CSP-Corcoran, in their personal and official capacities. Plaintiff alleges Defendants violated his right to be free from inhumane conditions of confinement under the Eighth Amendment by denying him adequate medical care to treat his Hepatitis C virus ("HCV").

Plaintiff's factual allegations are as follows:

Plaintiff has HCV and stage 1 cirrhosis of the liver.  Left untreated, HCV can lead to severe cirrhosis, liver cancer, and the need for a liver transplant.  Furthermore, individuals with HCV face a higher risk of developing insulin resistance and heart disease.[1] In January 2014, Plaintiff began to experience pain in his joints, tiredness, cramps, flu-like symptoms, darkening of the urine, and extreme pain.  He also began to experience depression and anxiety.

When Plaintiff sought help from Dr. Scharffenberg and Ogbuehi, he was told he did not qualify for treatment under CDCR policy because he would soon be eligible for parole and because CDCR only approved treatment for prisoners who had already advanced to stage 3 or 4 cirrhosis of the liver.  Plaintiff believes stage 3 or 4 cirrhosis is indicative of liver cancer.  Plaintiff believes if he were to wait until he had stage 3 or 4 cirrhosis to treat his HCV, he will already have suffered irreversible liver damage.

On March 14, 2014, Dr. Scharffenberg examined Plaintiff in response to a 602 Plaintiff filed. Plaintiff told Dr. Scharffenberg he was "still having abdominal pain due to [his] Hep C (sic)" and Plaintiff "want[ed] treatment." Dr. Scharffenberg did not prescribe

---

[1] Plaintiff cites the "Journal of Hepatology October 2014 Volume 61, Issue 4, Pages 755-760" as his source for these facts.

3

Plaintiff pain medication, nor did he start Plaintiff on a treatment course for his HCV. Dr. Scharffenberg told Plaintiff that the "guidelines for treatment should change," at which point Plaintiff may be able to receive treatment.

Plaintiff believes he is not receiving treatment because of its high cost. He states one 12 week course of treatment costs $94,500.00 and 24 weeks costs $189,000.00. He states there is no medical reason why he cannot receive treatment.

Plaintiff seeks an injunction requiring Defendants to provide Plaintiff with medication to treat his HCV and pain. Plaintiff also seeks monetary relief in the form of compensatory and punitive damages.

**IV.     Discussion**

When it dismissed Plaintiff's first complaint, the Court advised Plaintiff of the pleading standards necessary for asserting a § 1983 claim for medical indifference. (See ECF No. 11.) Nevertheless, Plaintiff's first amended complaint merely restates the factual allegations in his complaint; the facts section of his first amended complaint is a verbatim reprint of the Court's screening order summary of the original complaint's facts. Those facts continue to fall short of stating a cognizable claim against either Defendant in his personal or official capacity. Plaintiff's first amended complaint therefore necessarily will be dismissed for the same reasons his initial complaint was dismissed. Plaintiff's failure to meet the pleading standards and cure the deficiencies set forth in the screening order despite having been given ninety day opportunity to do so reasonably may be interpreted as an inability to do so. Further leave to amend would, therefore, be futile and will not be granted.

**A.     Official Capacity Claims**

A plaintiff cannot recover money damages from state officials sued in their official capacities. Aholelei v. Dept. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective or injunctive relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). In addition to being limited to prospective relief, a plaintiff pursuing defendants in their official capacities must

4

demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). That is, the plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Furthermore, although Plaintiff is permitted to pursue claims for injunctive relief against state actors in their official capacities, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013) (citing Hafer, 502 U.S. at 25.) "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." Hartmann, 707 F.3d at 1127 (citing Los Angeles County v. Humphries, 562 U.S. 29, 35-36 (2010)).

While Plaintiff has identified a CDCR policy that he believes was a moving forcing behind the denial of medical treatment, he has not shown how the named Defendants are responsible for that policy. Plaintiff was previously advised of this deficiency but failed to correct it. His official capacity claims will be dismissed without leave to amend.

**B.  Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Despite previously being advised of this deficiency, Plaintiff has again alleged no facts linking Ogbuehi to any acts or omissions resulting in the violation of his rights; his claims against Ogbuehi will be dismissed without leave to amend.

### C. Eighth Amendment Medical Indifference

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The second element of an Eighth Amendment claim is subjective deliberate indifference, which involves two parts. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013). Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Id. (citing Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

The correct inquiry is whether "the course of treatment the doctors chose was medically acceptable under the circumstances and [whether] the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 987 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal quotation marks omitted).  Where a plaintiff alleges a defendant denied medical treatment because

6

of an administrative policy despite medical considerations in favor of treatment, the Ninth Circuit has found the defendant's actions to be deliberately indifferent unless the defendant's independent evaluation of the plaintiff's condition led him to believe non-treatment was a medically acceptable option. Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014).

Plaintiff alleges he has HCV, which, if left untreated, may lead to severe liver damage, liver cancer, and heart disease. This amounts to an objectively serious medical need. Colwell, 763 F.3d at 1066; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, Plaintiff has not stated facts showing Dr. Scharffenberg was deliberately indifferent to a substantial risk to Plaintiff's health. Plaintiff states Dr. Scharffenberg examined Plaintiff on March 14, 2014 in response to a 602 filed by Plaintiff regarding his abdominal pain. Plaintiff provides only a fleeting description of his appointment. Plaintiff says he told Dr. Scharffenberg he was experiencing pain and wanted medication. Dr. Scharffenberg did not prescribe Plaintiff any medication, but did tell Plaintiff "the guidelines for treatment should change."

On these facts, the Court cannot tell whether Dr. Scharffenberg conducted a physical examination of Plaintiff and concluded, based on the examination, that Plaintiff did not need medication, or if he simply denied Plaintiff medication, without conducting an exam, on the basis of CDCR policy. Plaintiff was given the opportunity to plead more facts to clarify this issue, yet failed to do so. Plaintiff's claim for medical indifference will be dismissed without leave to amend.

**V.    Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of his pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1.    The action is DISMISSED with prejudice for failure to state a claim;

7

2. Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall terminate all pending motions and close the case.

IT IS SO ORDERED.

Dated: December 12, 2016      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE